UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| R. DAVID BOYER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  1:05-CV-129 |
| ) | |
| CHRISTOPHER GILDEA, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

### Introduction

This matter is before the Court following an initial scheduling conference held on June 1, 2005.  At the conference the Court discussed with counsel the question of whether the Plaintiff would be allowed to take up to thirty-five depositions, as he suggested in the Report of Parties Planning Meeting, or whether the ten-deposition limit imposed by Federal Rule 30(a)(2)(A) should apply, as argued by Defendant Arlington Capital LLC.  The Court took the matter under advisement.

For the reasons provided below, the Court will allow both the Plaintiff and the Defendants to take a maximum of ten depositions without applying to the Court for leave to take more.  The request of the Plaintiff to take more than ten depositions is therefore denied, without prejudice to the matter being revisited at a later date once the Plaintiff has exhausted this initial allotment.

### Background

Even the casual reader can gain some appreciation for the potential complexity of this

case by simply reviewing the 179 paragraphs set out in the Plaintiff's complaint. In sum, counsel for the Plaintiff describes this as a multi-million dollar "bid-rigging" case by the ten named defendants for the sale of the Debtor's business assets in Bankruptcy Court, to the ultimate detriment of both secured and unsecured creditors.

The details of the alleged scheme, recited at length in the complaint, do not need to be recounted here; indeed, according to Plaintiff's counsel, many of the necessary facts await discovery. This brings us to the dispute argued at the initial scheduling conference: counsel for the Plaintiff wants a maximum of thirty-five depositions, ostensibly so he can learn more about how the alleged scheme came about, while Arlington Capital LLC contends that a basis for so many depositions has not been shown. The remaining Defendants do not object to the proposed limit of thirty-five depositions. This brings us to a brief discussion within the context of the applicable standard.

## Discussion

Rule 30(a)(2)(A) requires that a party obtain leave of court, in the absence of a stipulation, before taking depositions in excess of the limit of ten per side. The court may grant permission to exceed the limit, provided the Court considers the principles expressed in Fed. R. Civ. P. 26(b)(2); that is, the Court must ask whether the proposed discovery:

> is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [whether] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; [or whether] the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

In short, these rules were promulgated to enable the courts to maintain a "tighter rein" on

the discovery process. *Whittingham v. Amherst College*, 163 F.R.D. 170 (D.Mass.1995). In that regard, since the Plaintiff has yet to take a single deposition, it is impossible to assess whether any depositions beyond the specified ten are truly needed or would be beneficial (given the likely cost), let alone whether they would be cumulative or duplicative. Stated simply, the Court cannot exercise in a vacuum, as the Plaintiff would have it do, the discretion Rule 26(b)(2) imposes in relation to the number of depositions allowed by Rule 30(a)(2)(A).

This is not to discount the very real possibility, however, that the Plaintiff will ultimately be able to show, within the context of the matters then at issue, and given the discovery already completed, that some additional depositions are truly necessary.[1] Any such showing, however, will only occur after a full discussion of the issue between counsel, as contemplated by Local Rule 37.1(b).

Accordingly, the Report of the Parties Planning Meeting is approved, with the proviso that the Plaintiff and the Defendants are limited, at least at the outset, to ten depositions.

Enter for June 2, 2005.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Arlington Capital LLC already has a Motion for Summary Judgment on file and the Plaintiff intends to respond in the time allotted by Local Rule 56.1(a). Therefore, if the motion is granted, the issues in this case will likely narrow, as will the need for discovery.