UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| R. DAVID BOYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-129-TS |
| | ) | |
| CHRISTOPHER GILDEA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

On October 9, 2001, GT Automation Inc. filed for Chapter 11 bankruptcy. An auction of GT Automation, Inc.'s assets was held in April 2003. Defendant Arlington Capital, LLC, ("Arlington") made the high bid and the sale was approved by the Bankruptcy Court. On April 7, 2004, the Plaintiff, Trustee R. David Boyer, sued, alleging that Arlington secretly colluded with GT Automation, Inc. insiders to keep the bid price low and for Arlington to sell the assets to the insiders after the sale. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

The Defendant Arlington seeks summary judgment on the three state law claims brought against it. The Defendant also asks the Court to strike portions of the Plaintiff's Response that allege facts unsupported by admissible evidence. For the reasons that follow, the Court grants the Defendant's motion to strike and rules in favor of the Defendant on summary judgment.

**A.     Summary Judgment Standard of Review**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In other words, the record must reveal that no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

     A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party may, if it chooses, support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin*

*Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Juarez v. Ameritech Mobile Commc'ns, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

**B.     The Defendant's Motion to Strike**

On July 30, 2005, the Defendant filed a Motion to Strike Portions of the Trustee's Response. The Defendant argues that the Plaintiff failed to support his statements of fact with any admissible evidence. Specifically, the Defendant objects to all of the Plaintiff's Statement of Genuine Issues except for the facts in paragraph 2(f) that are supported by the bankruptcy court's bid procedures order (Pl.'s Resp. 3) (citing *In re GT Automation, Inc.*, No. 01-13955, slip op. (Bankr. N.D. Ind. March 13, 2003)); lines twenty to twenty-three on page ten of the Plaintiff's Response; and lines one to seven on page eleven of the Plaintiff's Response. The Defendant also objects that the Plaintiff's Exhibit A is inadmissible evidence and asks that it be stricken along with the portions of the Plaintiff's Response that rely on the exhibit, which are lines fourteen to twenty-three on page thirteen and lines one to three on page fourteen.

The Plaintiff responded to the Defendant's Motion to Strike by arguing that the facts necessary to rule on the Defendant's motion for summary judgment are not in dispute and that the Defendant does not contradict the Plaintiff's Amended Complaint. This only raises the question of why the Plaintiff included so many unsupported facts in his Statement of Genuine Issues. The Plaintiff mainly used his Response to the Motion to Strike to supplement his arguments against the Defendant's Motion for Summary Judgment. This is inappropriate and the arguments made in the Plaintiff's Response to the Motion to Strike will be considered only in regards to the Motion to Strike.

Factual assertions made by a party opposing summary judgment that are not supported by admissible evidence cannot create a genuine issue of fact. Fed. R. Civ. P. 56(e); *Donovan v. City of*

4

*Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A complaint is not evidence and by itself cannot create a genuine issue of fact. *See, e.g.*, *Szymankiewicz v. Picard*, 2005 WL 674919 (W.D. Wisc. March 16, 2005). The challenged factual assertions in the Plaintiff's Response cite only the Complaint and thus are not supported by admissible evidence. The Plaintiff's Exhibit A is not admissible because it has not been authenticated as required by Federal Rule of Evidence 901. The Plaintiff makes no argument as to why its Exhibit A ought to be admitted. Thus, because all of the statements challenged by the Defendant are unsupported by admissible evidence, the Court will disregard them. The Defendant's Motion to Strike Portions of the Plaintiff's Response is granted.

### C.     Material Facts and Procedural Background

The undisputed facts relevant to the Defendant's Motion for Summary Judgment are as follows.

GT Automation Group, Inc. filed a petition under Chapter 11 of the Bankruptcy Code on October 9, 2001. An auction for GT Automation, Inc.'s assets was held pursuant to 11 U.S.C. § 363 on April 3, 2003. GTA Acquisition, LLC, an entity wholly owned by the Defendant, was the successful bidder at the action. A hearing was held on April 7, 2003, before Bankruptcy Judge Grant and on April 8, he issued an order approving the sale of GT Automation, Inc.'s assets to the Defendant. On April 16, Judge Grant issued an amended order approving the sale. The bankruptcy court found that the auction was conducted without collusion and in good faith and that the consideration paid was reasonable. *In re GT Automation, Inc.*, No. 01-13955, slip op. ¶¶ 10–13 (Bankr. N.D. Ind. April 16, 2003).

On April 7, 2004, the bankruptcy trustee brought suit against the Defendant under state law

for fraud related to the auction sale. An amended complaint was filed October 18, 2004. The Amended Complaint states four claims against the Defendant: Count V claims that the Defendant is liable under § 363(n) for entering an agreement to restrain the sale paid for the debtor's assets; Count VI claims that the Defendant is liable under Indiana law for fraudulent concealment; Count VII claims that the Defendant is liable under Indiana law for fraud; and Count VIII claims that the Defendant is liable under Indiana law for aiding and abetting a breach of fiduciary duty.

Defendant Arlington's Motion for Partial Summary Judgment, filed May 17, 2005, seeks the dismissal of Counts VI, VII, and VIII arguing that these claims are barred by res judicata. The Plaintiff filed its Response on June 16, 2005. The Defendant filed its Reply and its Motion to Strike Portions of the Trustee's Response on June 30, 2005. The Plaintiff filed its Response to the Motion to Strike on July 15, 2005, and the Defendant filed its Reply on July 26, 2005.

**D.   The Defendant's Res Judicata Defense**

The Defendant claims that the Plaintiff's Indiana state law claims are barred by res judicata because they are a collateral attack on the bankruptcy court judge's order approving the auction sale.

The doctrine of res judicata provides that when a final judgment is entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Magnus Elecs, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400 (7th Cir. 1987) (quoting *Nevada v. United States*, 463 U.S. 110, 129–30 (1983)). Res judicata is an affirmative defense and the party asserting the defense has the burden of showing that res judicata bars a claim.

6

*Kulavic v. Chicago & Ill. Midland Ry. Co.*, 1 F.3d 507, 517 (7th Cir. 1993) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)).

"Sale orders are final, appealable orders" and "once the time for appeal from a bankruptcy court's sale order has expired, res judicata precludes a party to the sale proceeding from attacking the sale order by way of a new lawsuit." *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 543 (7th Cir. 2003) (citing *In re Met-L-Wood Corp.*, 861 F.2d 1012, 1016 (7th Cir. 1988); *In re Kids Creek Partners, L.P.*, 200 F.3d 1070, 1074–75 (7th Cir. 2000); and *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 286 (7th Cir. 2002)). The important policy of favoring the finality of bankruptcy court orders approving the sales of debtor assets requires that bankruptcy orders be final judgments for res judicata purposes. *In re Met-L-Wood Corp.*, 861 F.2d at 1017–18.

*In re Met-L-Wood* involves facts very similar to the facts here. In that case, a bankruptcy judge approved the auction sale of a debtor's assets under 11 U.S.C. § 363. Later, the trustee for the creditors sued the auction bidders, the debtor, and others involved in the sale under RICO and state law for fraudulently rigging the auction. The trustee also filed a motion under Rule 60(b) to vacate the judgment approving the auction sale. The district court held that the trustee's fraud claims were barred by res judicata and dismissed the Rule 60(b) motion because it was outside of the rule's one year limit. *Id.* at 1014–16. The trustee appealed to the Seventh Circuit, which in an opinion by Judge Posner, upheld the lower court rulings.

The *Met-L-Wood* court held that the bankruptcy court's order approving the auction sale was an appealable order and a final judgment for res judicata purposes. *Id.* at 1016. Even though the trustee was not seeking to set aside the sale order, the fraud claims under RICO and state law were seen as a collateral attack on the sale order and were barred. As the court stated, "by seeking heavy

7

damages from [the defendants], the suit is a thinly disguised collateral attack on the judgment confirming the sale. This may be done only by the route provided for collateral attacks on judgments." *Id.* at 1018. Also, the court held that the sale order was binding not only on the creditors represented at the sale hearing, but also on the creditors who were not represented and had insufficient notice of the sale. The court reasoned that a proceeding under § 363 is an *in rem* proceeding and the transfer of property rights is binding even on nonparties to the proceeding. *Id.* at 1017. Thus, under *Met-L-Wood*, a bankruptcy court's order approving an auction sale bars any later claims alleging fraud in connection with the sale.

This case, like *Met-L-Wood*, involves the res judicata effect of a bankruptcy judge's order approving an auction sale. The bankruptcy court issued an order approving the sale and that order is a final judgment for res judicata purposes. *In re GT Automation, Inc.*, No. 01-13955, slip op. (Bankr. N.D. Ind. April 16, 2003). The parties claiming a lien on the assets sold in the auction consented to the sale, *In re GT Automation, Inc.*, No. 01-13955, slip op. ¶¶ 14–15, and unlike *Met-L-Wood*, there is no issue regarding the barring of claims by parties not represented at the first hearing. Finally, as in *Met-L-Wood*, the trustee's fraud claims relate to the transaction approved by the bankruptcy court. Thus, res judicata blocks the Plaintiff's claims.

In arguing that res judicata cannot apply to the bankruptcy court's order, the Plaintiff cites Indiana case law. However, the res judicata effect of a federal judgment is not determined by state law. It is determined by federal common law, which requires state and federal courts to give federal court judgments the effect prescribed by the federal law of res judicata. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171–72 (1938)). Thus, in considering whether the Plaintiff's state law claims are barred by res judicata, the Indiana

8

case law cited by the Plaintiff is irrelevant.

The Plaintiff believes it is obvious that because the Plaintiff's fraud claims have not actually been litigated, res judicata cannot apply. The Plaintiff is incorrect. *Met-L-Wood* clearly held that it did not matter that the trustee's state law and RICO fraud claims had not been litigated; if there was fraud in the bidding process, the appropriate forum for that determination was the bankruptcy hearing held to determine whether to approve the auction sale. Because judgment was entered approving the sale, the trustee is not allowed to assert claims in a new proceeding that are integrally related to the auction sale and that challenge the very basis for the bankruptcy court's order approving the sale. *Met-L-Wood*, 861 F.2d at 1018.

Though the Plaintiff makes an attempt, there does not appear to be any significant way to distinguish *Met-L-Wood* from this case. The Plaintiff argues that *Met-L-Wood* did not involve a bidder that actively concealed its scheme to rig the bidding process. First, in *Met-L-Wood*, the alleged fraud was not uncovered until the trustee was appointed and began investigating the auction sale months later, *id.* at 1015, and so it appears that *Met-L-Wood* did involve a concealed scheme to rig the auction. Second, an order obtained by fraud does not mean the order has no effect. Even if the fraud was concealed, the order is still binding. If the trustee believes the order was fraudulently obtained, he can have the order vacated under Rule 60(b). Finally, it is important to note that there is a statutory exception to the finality of bankruptcy sale orders for just the situation the Plaintiff complains of here. Section 363(n) allows a trustee to "avoid a sale under [section 363] if the sale price was controlled by an agreement among potential bidders at such sale . . . ." 11 U.S.C. § 363(n). The Plaintiff has brought a § 363(n) claim and this claim is not barred by res judicata. *See, e.g.*, *In re Int'l Nutronics, Inc.*, 28 F.3d 965 (9th Cir. 1994) ("[T]he bankruptcy court's sale order does not

bar [the trustee] from asserting a claim under section 363(n)."). A bankruptcy trustee is not left without recourse if he discovers fraud in connection with a § 363 sale.

Because the bankruptcy order is a final judgment on the merits, and because the Plaintiff's claims are related to the transaction approved in the bankruptcy order and could have been brought at the time the transaction was approved, his state law claims are barred by res judicata.

**E.     The Plaintiff's Request to Recharacterize his Complaint as a Motion under Rule 60**

The Plaintiff argues that even if res judicata bars his claims, the Court should view his Complaint as a motion under Rule 60(b)(3), that is, a motion to vacate a judgment due to fraud or misrepresentation by a party. There are problems with this argument. A motion to vacate an order under Rule 60(b)(3) must be asserted within one year of the order. Fed. R. Civ. P. 60(b). The Amended Order approving the sale order was issued on April 16, 2003. The Plaintiff filed his first Complaint on April 7, 2004, and his Amended Complaint on October 18, 2004. The first Complaint was within one year of the order but the Amended Complaint was not. An amended complaint supersedes the initial complaint, and "the prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes *functus officio*." *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). The Plaintiff cites no authority to justify relating his Amended Complaint recharacterized as a Rule 60(b)(3) motion back to the time of his first Complaint.

The Defendant points out that Rule 15 allows relating amended complaints back to the date of the original pleading but the rule does not apply to motions. *See Scott v. Scott*, 185 B.R. 730 (Bankr. S.D. Miss. 1995) ("Rule 15(c) allows relation back of claims and defenses asserted in

10

pleadings but does not allow relation back where motions are filed."). The Defendant also cites the Fifth Circuit Case *Hendrick v. Avent*, 891 F.2d 513 (5th Cir. 1990), in which the court considered whether to recharacterize an amended complaint as a Rule 60(b) motion and relate it back to the date of the original complaint. The court stated: "making appellant's claim fit under the label of a Rule 60(b) motion would take a recharacterization of the pleadings plus a relation back in time to the original complaint to fit within the time restraints. The district court properly refused to perform such feats." *Hendrick*, 891 F.2d at 588–89. This Court also declines to do so.

The Plaintiff argues that even if his Complaint cannot be recharacterized as a Rule 60(b)(3) motion and related back to within the one year requirement for Rule 60(b)(3) motions, his Complaint can be recharacterized as a Rule 60(b) motion to vacate the order due to fraud on the court. Unlike a motion under Rule 60(b)(3), a motion to set aside judgment for fraud upon a court is not subject to any time limit. Even if this Court was willing to recharacterize the Plaintiff's Complaint as a Rule 60 motion to set aside the bankruptcy court's order for fraud on the court, this Court would decline to consider such a motion. The Seventh Circuit has held that a motion to set aside a judgment under Rule 60(b) should be addressed to the court issuing the challenged order. *See Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506 (7th Cir. 1996) ("[T]he losing party cannot move to a new forum but must present his argument to the court that rendered the judgment.") (citing *Harris Trust & Savs. Bank v. Ellis*, 810 F.2d 700 (7th Cir. 1987)). If the Plaintiff wishes to file a motion under 60(b) to set aside the judgment of the bankruptcy court, he must do so before the bankruptcy court that issued the order. Having the judgment vacated would remove the res judicata bar to his state law claims. As things stand now, the Plaintiff's claims in Counts VI-VIII of his Complaint are barred by res judicata and must be dismissed.

11

**ORDER**

For the reasons stated above, the Defendant's Motion to Strike [DE 42] and the Defendant's Motion for Partial Summary Judgment [DE 14] are GRANTED. The state law claims listed as Counts VI-VIII in the Plaintiff's Complaint are DISMISSED. Defendant Arlington remains a party to defend against the § 363(n) claim in Count V.

SO ORDERED on October 17, 2005.

        S/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT