UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| R. DAVID BOYER, TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-129-TS |
| | ) | |
| CHRISTOPHER GILDEA et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER & OPINION**

This matter is before the Court on Defendant Arlington Capital, LLC's Motion to Amend Order of August 24, 2007 [DE 129], filed on September 24, 2007. The Plaintiff responded on October 4, 2007 [DE 131], the Defendant replied on October 11, 2007 [DE 132], and the Plaintiff moved for leave to file a Surreply on October 18, 2007 [DE 135]. For the reasons stated below, the Plaintiff's motion for leave to file a Surreply is GRANTED and the Defendant's motion to amend is GRANTED.

**BACKGROUND**

The Court previously outlined the history of this case in its August 24, 2007, Opinion and Order [DE 124]. A brief discussion focused on the more recent history should therefore suffice here. On October 5, 2006, this Court entered its Opinion and Order dismissing three counts filed by the Plaintiff, Trustee David Boyer, against the Defendants Katherine Gildea, Michael Motter, Matt Mercer, Anita Gildea, Arlington Capital LLC, GT Acquisition LLC, GT Enterprises LLC, and Gildea & Gorman LLC. On October 16, 2006, the Trustee filed a motion to reconsider. The Court then declined to alter its decision to dismiss the Trustee's Counts III and IV, but the Court did find that the Trustee had presented sufficient evidence to create a triable issue of fact on

Count V as to whether the Defendants entered into an agreement with the intent to control the price at auction.

Following the Court's August 24, 2007, Order, the Defendant moved the Court to certify for appeal the following three questions:

1. Whether, in an action under 11 U.S.C. § 363(n), an agreement between potential bidders that one party would not bid could actually have controlled the price at auction where the property was sold, in accordance with 11 U.S.C. § 363(f), with the secured creditors' consent for a sum less than the amount of the liens against the property; and

2. Whether an agreement between Arlington Capital and the Gildea Group, that the Gildea Group would not bid, could actually have controlled the price at auction in violation of 11 U.S.C. § 363(n) when Arlington Capital and Comerica Bank entered into an agreement that Comerica Bank would consent to a sale free and clear of its liens for the sum of $2,725,000 at auction, and Comerica Bank consented to the sale; and

3. Whether Comerica Bank's consent to a sale of its collateral for a sum less than the amount of its liens is dispositive of the fair value of the assets sold.

**ANALYSIS**

The Court may amend its Order and certify it for appeal if it "involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b); *see also Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000); *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1239 (7th Cir. 1990), *vacated on other grounds*, 502 U.S. 801 (1991) (holding that federal rules of appellate procedure allow a district court judge to amend its ruling to add a § 1292(b) certification); Fed. R. App. P. 5(a)(3). Here, the Court finds that amending its August 24, 2007, Order to add § 1292(b) language is

2

appropriate.

In its Memorandum in Support of Motion to Amend Order [DE 130], the Defendant argues that it has satisfied the statutory requirements of 28 U.S.C. § 1292(b) as well as the requirements of *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674 (7th Cir. 2000), and, as a result, this Court must certify the case for appeal. The Defendant asserts that the facts relevant to the issues are undisputed. Those facts, as the Defendant presents them, are that: (1) Comerica Bank had a lien against the assets sold at auction that greatly exceeded the amount at which the assets were sold; (2) Arlington Capital and Comerica Bank entered into a written agreement that Comerica Bank would consent to a sale of the assets for a sum of $2,725,000; (3) Arlington Capital actually bid $2,725,000 at auction; and (4) Comerica Bank credit bid an amount $5,000 under Arlington Capital's bid. The Defendant then argues that the legal issues related to these facts are controlling and contestable, their expeditious resolution will speed up the litigation, and finally that the motion is timely.

The Plaintiff primarily takes issue with the Defendant's characterization of the facts. While the Defendant repeatedly asserts that Arlington submitted a bid at auction, in actuality GTA Acquisition was the entity submitting the bid, and Arlington was merely a member of GTA Acquisition. Had Comerica known the identities of the members of GTA Acquisition, the Plaintiff argues, the creditors would have objected to the sale or would have insisted that the Debtor's estate be paid $600,000. The Plaintiff argues that this factual dispute undermines the Defendant's claim that the issues presented for certification are merely questions of law.

The Court has repeatedly acknowledged that GTA Acquisition submitted the winning and approved bid for the Debtor's assets. However, the Court does not see how this distinction

3

affects the amenability of this case to interlocutory appeal. Even given the Plaintiff's more accurate description of the facts, the Plaintiff fails to demonstrate how this distinction undermines the fact that the actual questions presented for appeal are purely questions of law that are controlling, contestable, and of a nature that their early resolution will speed up the litigation. Because the Plaintiff fails to connect his factual distinction with the questions presented for appeal, and because the Court itself does not recognize such a distinction, the Plaintiff's argument in this regard must fail.

The Plaintiff also argues that the Defendant's request is untimely. The Court issued its Opinion and Order on August 24, 2007, and the Defendant moved to amend on September 24, 2007. The Defendant's memorandum of law explains that the reason it waited almost thirty days to file its motion is that it anticipated that the Plaintiff would appeal from this Court's September 9, 2007, Order and that such an appeal would need to be addressed along with a motion to certify for interlocutory appeal. The Court is satisfied with that explanation, and even notwithstanding that reason for delay, the Plaintiff makes little effort to explain why filing the motion 30 days after the Order represents undue delay. The Court therefore finds that the Defendant's motion is timely.

The Plaintiff's final argument is that the Defendant's motion is merely an attempt to avoid trial. As the Defendant correctly points out, there is nothing inherently wrong with trying to avoid trial through an interlocutory appeal. Here, the Defendant has not requested, and the Court will not be issuing, a stay of the proceedings. An interlocutory appeal will not prolong the pre-trial and trial schedule. On the other hand, the appeal may materially expedite the resolution of this case and avoid the need for a trial on Count V. The parties have only very recently filed a

4

proposed discovery schedule, and that schedule contemplates that discovery will not be complete until nine months from now. The Defendant has also indicated that after discovery is complete, it will likely be filing another motion for summary judgment. If the Defendant does not prevail on that motion, then a trial will ensue afterward. If the Court of Appeals reverses this Court's summary judgment order, such a reversal will likely dispose of a significant portion of this case.

28 U.S.C. § 1292(b) requires four things for certification. First, the issues for appeal must be questions of law. Second, the issues must be controlling. Third, there must be substantial ground for difference of opinion. Finally, an immediate appeal from the order must materially advance the ultimate resolution of the litigation. The Plaintiff quarrels with the Defendant's presentation of the facts, but the Plaintiff does not argue that the issues presented for appeal are not questions of law. The Plaintiff does not explain why the issues presented by the Defendant are not controlling, or why their resolution would not advance the litigation. The Defendant therefore has the better argument in demonstrating that this case should be certified for appeal.

Finally, the Plaintiff's surreply simply repeats the arguments that were made in its earlier response. However, the Defendant did not file any objection to the Plaintiff's Motion for Leave to File a Surreply. The Court will therefore grant the Motion for Leave to File Surreply.

**ORDER**

For the foregoing reasons, the Court GRANTS the Plaintiff's Motion for Leave to File Surreply [DE 135], GRANTS the Defendant's Motion to Amend Order of August 24, 2007 [DE 129], and will enter an Amended Memorandum and Order containing § 1292(b) certification language. The amended order will not stay the district court proceedings during the resolution of

5

any appeal.

      SO ORDERED on November 5, 2007.

                                                 s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT