UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| R. DAVID BOYER, Trustee, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:05-CV-129 |
| CHRISTOPHER GILDEA, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Arlington Capital, LLC's motion to compel the plaintiff, R. David Boyer, Trustee, to produce documents that are responsive to two Requests for Production (Request ## 3 and 7) served on the Trustee on May 22, 2008. (Docket # 148.)

The Trustee resists the motion by alleging that all the documents that Arlington seeks are privileged, either because they fall within the attorney-client privilege or under the common interest doctrine, or that they amount to attorney work product. The Trustee further argues that because none of what Arlington seeks is "discoverable," the Trustee should not be put to the unduly burdensome task of preparing a privilege log as normally required under Federal Rule of Civil Procedure 26(b)(5)(A). (*See* Resp. Br. 12-15.)

Arlington Capital responds that the Trustee is reading the concepts of attorney-client privilege, the common interest doctrine, and the work-product doctrine far too broadly, and that without a privilege log, both it and the Court are being asked to simply take the Trustee's word that every document falls under some sort of protection.

For the reasons, provided, the Court will GRANT Arlington Capital's Motion to Compel.

## II. BACKGROUND

The Trustee has described this as a "bid-rigging" case orchestrated by all ten Defendants for the sale of the business assets of a bankrupt entity, GT Automation, Inc., in April 2003.

In particular, on October 18, 2004, the Trustee, R. David Boyer ("Trustee"), filed an amended adversary proceeding complaint ("Complaint") against a number of Defendants, including Arlington Capital, Christopher Gildea, and Katherine Gildea. (Docket # 12). In the Complaint, the Trustee alleged, among other things, that Arlington Capital and the other Defendants violated 11 U.S.C. § 363(n) by entering into an agreement to control the price of the auction assets to the detriment of both secured (*i.e.*, primarily Comerica Bank) and unsecured creditors.

Baker & Daniels, LLP ("Baker & Daniels") was initially employed as special counsel to the Trustee in the Bankruptcy Court case. After the Amended Complaint was filed, the Bankruptcy Court granted Baker & Daniels's application to withdraw as special counsel to the Trustee. Attorney John McCarthy was and remains special counsel.

Baker & Daniels, specifically John Burns and Mark Werling, were counsel for Comerica Bank, the largest secured creditor of GT Automation during the Chapter 11 phase of the bankruptcy proceedings, and still are counsel for Comerica.

Arlington Capital maintains that after Baker & Daniels withdrew as special counsel for the Trustee, attorney Werling conducted a factual investigation that culminated in a lengthy affidavit that he filed with the Court (Docket # 82), and that even earlier, on November 5, 2005, the Trustee filed a Declaration in the Bankruptcy Court that recited a series of facts concerning

Arlington Capital's involvement that he apparently learned from witnesses and documents.

Accordingly, on May 22, 2008, Arlington Capital served counsel for the Trustee with a Request for Production of Documents ("Request"). On July 9, 2008, the Trustee served his Objections and Responses. Request Number 3 and the Trustee's Response were as follows:

> **Request Number 3:** To the extent not provided in response to the foregoing requests, produce all documents that the Trustee and/or his counsel sent to or received from any other person or entity (other than his counsel) relating to the sale and/or auction of GR Automation's assets.
> **Objection:** The Trustee objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privileges and immunities afforded by law. The Trustee further objects to this Request on the grounds that it is unduly burdensome.

Request Number 7 and the Trustee's Response to it were as follows:

> **Request Number 7:** To the extent not provided in response to the foregoing requests, produce all documents that the Trustee and/or his counsel sent to or received from Mark Werling, John Burns, and/or any other attorneys affiliated with Baker & Daniels, LLP on or after October 20, 2004 that reference GT Automation, any debt GT Automation owed to Comerica, the sale and/or auction of GT Automation's assets, the value of GT Automation's assets, the operation of GT Automation, Steve Gildea, Anita Gildea, Chris Gildea, Katherine Gildea, and/or Arlington Capital.
> **Objection:** The Trustee objects to this Response because it improperly seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or other privileges and immunities afforded by law. The Trustee further objects to this Request on the grounds that it is overbroad and unduly burdensome.

The Trustee did not produce any documents in response to either Request nor did he provide Arlington Capital with a privilege log listing the documents that he refused to produce.

The Trustee maintains that the Motion to Compel should be denied because both requests are overbroad, vague, and unduly burdensome and that since the information sought under Request Number 7 is privileged, nothing that the Trustee has is discoverable. Therefore, as the Trustee sees it, he has no obligation to produce a privilege log, and that even if there was such an

obligation, the burden of producing one would far exceed its benefits.

## III. DISCUSSION

### A. *General Principles*

Federal Rule of Civil Procedure 34 provides that a party may request the production of documents, among other things, that are within the scope of Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 34(a). Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Morever, if the party seeking discovery can demonstrate good cause, the court can also order "discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1); *see also McGrath v. Everest Nat'l Ins. Co.*, No. 2:07 cv 34, 2008 WL 2518710, at *9 (N.D. Ind. June 19, 2008) ("Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard."); *N. Trust Co. v. MS Sec., Inc.*, No. 05 C 3370, 2006 WL 1843369, at *2 (N.D. Ill. June 30, 2006) ("Even though the [2000] amendments [to Rule 26] narrowed the definition of discovery . . . the court may still order discovery based on the pre-amendment standard, provided that there is good cause."). Under the relevancy standard, "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Although the definition of relevancy often allows for broad discovery, Rule 26(b)(2)(C) gives the court discretion to limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or

> expense of the proposed discovery outweighs its likely benefit, considering the
> needs of the case, the amount in controversy, the parties' resources, the
> importance of the issues at stake in the action, and the importance of the
> discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C); *see also Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 412 (N.D. Ill. 2007). In other words, "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it." *Sills v. Bendix Commercial Vehicle Sys., LLC*, No. 1:04-CV-00149, 2005 WL 2777299, at *2 (N.D. Ind. Mar. 3, 2005) (internal quotation marks and citation omitted); *see also Am. Int'l Specialty Lines Ins. Co.*, 240 F.R.D. at 412 ("[A] court may limit discovery if it determines that the burden of the discovery outweighs its likely benefit." (citing *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 571 (N.D. Ill. 2004)).

### B. *Arlington Capital's motion to compel the production of documents will be granted.*

With respect to Request Number 3, Arlington Capital seeks documents it asserts may contain the identities of material witnesses, information to corroborate its defenses, information to rebut the Trustee's witnesses' allegations in their affidavits, issues currently unknown to Arlington Capital that may be raised at trial, and other information relevant to the Trustee's claim and any potential defenses. (Def. Br. 3.) The Trustee, however, objected on the grounds that the information is privileged and that the request is unduly burdensome (Mot. to Compel ¶ 6), and now additionally argues that Arlington Capital has not described the documents it seeks with reasonable particularity (Resp. Br. 10-12).

Concerning Request Number 7, Arlington Capital asserts that the documents it requested may contain information about the witnesses and what they know, information about the Trustee's claims and pertinent to Arlington Capital's defense, information that may contradict

5

statements the witnesses made in their affidavits, and information about the other Defendants. (Def. Br. 4.) Arlington Capital emphasizes that Mr. Werling and Mr. Burns are fact witnesses, and Request Number 7 does not seek communications eliciting legal advice, but rather "relevant facts, evidence, and/or witnesses that Arlington Capital . . . might not be aware of." (Reply Br. 6.) The Trustee objected on the grounds that the information requested is privileged and that the request is overbroad and unduly burdensome. (Mot. to Compel ¶ 6.) He now further contends, in his response brief, that Request Number 7 does not describe the documents with reasonable particularity. (Resp. Br. 10-12.)

      1.     <u>The Trustee has failed to demonstrate that Request Number 3 and Request Number 7 are unduly burdensome.</u>

"[T]he scope of discovery should be broad in order to aid in the search for truth. Courts commonly look unfavorably upon significant restrictions placed upon the discovery process. The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (internal citations omitted); *see also McGrath*, 2008 WL 2518710, at *10 ("The burden rests upon the objecting party to show why a particular discovery request is improper." (internal quotation marks and citation omitted)); *Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006) ("If the party from whom the documents are requested objects to their production, that party has the burden to show why a discovery request is improper."); *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002) ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant." (citing *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991))).

6

The Trustee objected to the requests for production on the basis that each was unduly burdensome. To begin, "if a party is to resist discovery as unduly burdensome, it must 'adequately demonstrate the nature and extent of the claimed burden' by making a 'specific showing as to how disclosure of the requested documents and information would be particularly burdensome.'" *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, No. 1:04-CV-477, 2007 WL 1164970, at *4 (N.D. Ind. April 17, 2007) (quoting *Eley v. Herman*, No. 1:04-CV-416, 2005 WL 3115304, at *1 (N.D. Ind. Nov. 21, 2005)); *McGrath*, 2008 WL 2518710, at *10 ("The objecting party must show with specificity that the request is improper."); *accord Graham*, 206 F.R.D. at 254; *see also Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990) ("[T]he objecting party must specify the nature of the burden and provide specific explanations as to why the interrogatory cannot be answered."). Yet, the Trustee's original objections to the requests were boilerplate, lacking any reasons why each is unduly burdensome. The Trustee's "burden cannot be met by 'a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" *McGrath*, 2008 WL 2518710, at *10 (quoting *Burkybile*, 2006 WL 2325506, at *6).

The Trustee now submits that the burden of complying with Arlington Capital's Request Numbers 3 and 7 would "far exceed" any benefit. (Resp. Br. 13.) The Trustee argues that Request Numbers 3 and 7 encompass "mass amounts of privileged materials" and the burden of producing "[t]he sheer volume of *de minimus* e-mail exchanges, private memorandum, notes, letters, questions and comments, not to mention court papers, drafts, stipulations, proposed

7

orders etc. that have been sent out in this matter over the last four years, without limit to recipient or sender or category" outweigh the benefit of the discovery. (Resp. Br. 14.)

However, "[t]he mere fact that [a party] will be required to expend a considerable amount of time, effort, or expense in answering the [discovery requests] is not a sufficient reason to preclude discovery. By making overly general assertions of undue hardship, [a party] cannot avoid complying with . . . discovery requests." *Schaap*, 130 F.R.D. at 387 (internal citation omitted). Despite its objections, the Trustee does not provide an estimate of the number of documents to be reviewed, the amount of time needed to prepare them, or the cost of producing the documents. Instead, "[a]n objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence." *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992); *see also Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1, 8 (D.D.C. 2007) ("To disclose the nature of [the] burden [of the discovery request], the objector must do more than just state the objection, the objector must submit affidavits or offer evidence which reveals the nature of the burden."); *Sills*, 2005 WL 2777299, at *2 ("Although counsel provided some information . . . suggesting that a burden will be imposed, we do not know the precise extent of that burden, nor has such information been properly supported by an affidavit or otherwise."); *Eley*, 2005 WL 3115304, at *1 (finding that defendant's objection that a request for production was unduly burdensome was conclusory because he did not provide details about the number of files to be viewed, how long it would take, how many employees it would involve, and other information pertinent to assessing the burden); *cf.*, *Bitler Inv. Venture II, LLC*, 2007 WL 1164970, at *4 (noting that counsel provided an estimation for the number of additional attorney and paralegal hours that would be needed to

8

fulfill the discovery request); *Am. Int'l Specialty Lines Ins. Co.*, 240 F.R.D. at 411 (noting that the party opposing the discovery explained how undergoing the discovery would deplete its limited resources). Without more than the Trustee's generalized claim that the requests touch a multitude of documents, the Court cannot weigh the nature of the burden against the worth of the discovery.

The Trustee also contends that the importance of the discovery is diminished because it provided Arlington Capital with the names of all its fact witnesses, and Arlington Capital has received over 3,000 pages of documents from the Trustee and other sources, in addition to having already conducted depositions of over a dozen witnesses. (Resp. Br. 13-14.) Although the Trustee has already turned over the names of its witnesses, Arlington Capital is not only seeking the witnesses' identities, but also information to rebut the allegations in their affidavits, as well as information to corroborate Arlington Capital's own defenses. Furthermore, that Arlington Capital has already conducted and received other discovery does not necessarily undermine the value of this discovery or show that it would be "unreasonably cumulative or duplicative[,]" Fed. R. Civ. P. 26(b)(2)(C)(i), since it may encompass different information than that which Arlington Capital has already received.

In short, because the Trustee did not describe the extent of its burden with specificity, it failed to show that the burden of the discovery outweighs its value. Consequently, "it is clear that the truthseeking function will best be served by granting the motion." *See Sills*, 2005 WL 2777299, at *2.

2. Request Number 3 and Request Number 7 place the Trustee on reasonable notice of which documents Arlington Capital seeks.

Federal Rule of Civil Procedure 34(b) requires that a request for production of documents describe the documents requested with "reasonable particularity." Fed. R. Civ. P 34(b)(1)(A). The test for reasonable particularity is whether the request places a party upon "reasonable notice of what is called for and what is not." *Bruggeman ex rel. Bruggerman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)). Therefore, a court can deny a motion to compel discovery when the requesting party fails to provide "sufficient information to enable [the party to whom the request is directed] to identify responsive documents." *Id.* (quoting *Parsons*, 141 F.R.D. at 412) (denying a motion to compel because the language in the request for production was "overly-broad and extremely vague"); *see also In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 424 (D.C. Ill. 1977) ("The test is whether a reasonable man would know what documents or things are called for." (internal quotation marks and citation omitted)).

In his brief, the Trustee contends that Request Number 3 "fails to describe the requested documents with any 'reasonable particularity,' and that the request is overbroad, vague and unduly burdensome." (Resp. Br. 10.) The Trustee asserts that Request Number 3 is unlimited both in scope and in time, reaching "every piece of written correspondence contained in the files of Bainton McCarthy, including letters to Arlington's counsel." (Resp. Br. 11-12.)

Arlington Capital replies that the request is finite in time, explaining that it seeks documents sent and received since the Trustee was appointed on June 20, 2003. (Reply Br. 4.) It further contends that the scope is also limited to two specific events – the sale and/or auction of GT Automation's assets, which form the basis of the Trustee's claim against Arlington Capital

10

in Count V of the Amended Complaint. (Reply Br. 4.) Arlington Capital's argument is persuasive that these limits in time – from June 20, 2003, and onward – and in scope – the specific events of the sale and/or auction of GT Automation's assets – adequately inform the Trustee of which documents are responsive to the request and counteract the Trustee's concern that the request is overbroad. The request appears not to reach all of the Trustee's correspondence about this case; as Arlington Capital notes, it would not, for example, reach correspondence as to procedural issues or about the claims against the other defendants. (Reply Br. 4.) Furthermore, since Arlington Capital does not know who provided the Trustee with information (*see* Reply Br. 4-5), it is impossible for it to limit its request to specific individuals or entities. Thus, Request Number 3 is reasonably particular in its description of the documents.

Concerning Request Number 7, the Trustee argues that it fails to describe the requested documents with reasonable particularity because it is unlimited in scope and only limited in time to after October 20, 2004. (Resp. Br. 11.) However, contrary to the Trustee's contentions, Request Number 7 is not only limited in time, but also as to the persons who sent or received documents (*i.e.*, specific counsel and law firm), and as to scope (*i.e.*, information with respect to GT Automation; its sale or auction; its debt; the value of its assets; and the operation of GT Automation, Arlington Capital, and the specifically named persons). Given the limitations on time, scope, and persons involved, Request Number 7 adequately describes the requested materials.

In sum, the Trustee's objections are overruled, and it is ordered to produce documents responsive to Request Number 3 and Request Number 7 that are not subject to any privilege.

11

*C. The Trustee must submit a privilege log for any documents it contends should be protected.*

The Trustee maintains that the responsive documents to Requests Numbers 3 and 7 are subject to the attorney-client privilege, the common interest doctrine, and the attorney work-product doctrine. Indeed, "documents containing confidential information, attorney-client communications or work product may be protected from discovery." *Tequila Centinela, S.A. de C.V.*, 242 F.R.D. at 10.

However, Federal Rule of Civil Procedure 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Moreover, "[t]he claim of privilege cannot be a blanket claim; it must be made and sustained on a question-by-question or document-by-document basis." *Barton v. Zimmer Inc.*, No. 1:06-CV-208, 2008 WL 80647, at *4 (N.D. Ind. Jan. 7, 2008) (quoting *United States v. White*, 950 F.2d 426, 430 (7th Cir.1991)) (internal quotation marks omitted); *see also Avery Dennison Corp. v. UCB Films PLC*, No. 95 C 6351, 1998 WL 703647, at *2 (N.D. Ill. Sept. 30, 1998); *Ziemack v. Cent. Corp.*, No. 92 C 3551, 1995 WL 314526, at *3, *6 (N.D. Ill. May 19, 1995) (discussing attorney-client privilege and the work-product doctrine and explaining that "the claim of privilege . . . must be established on a document-by-document basis" and that "the burden is on the party opposing discovery . . . to show that the work-product doctrine applies").

In this instance, the Trustee has not provided a privilege log.[1] Without having an

---

[1] The Trustee contends that a privilege log is not required because the materials are not discoverable. (Resp. Br. 12.) As already discussed in this Opinion and Order, the Court has rejected the Trustee's arguments and found that the materials are discoverable.

opportunity to review the documents, the Court is not in a position to rule on whether the claimed privileges or doctrines apply. "The Court emphasizes that the Trustee, as the party opposing the discovery of relevant documents on privilege or work-product grounds, bears the burden of demonstrating why these documents should not be produced. Therefore, the Trustee must describe the nature of the documents being withheld so that the parties and the Court can properly and intelligently review the privilege and work-product claims." *In re Stern Walters Partners, Inc.*, No. 94 C 5705, 1996 WL 115290, at *5 (N.D. Ill. Mar. 13, 1996). The Trustee is therefore ordered to provide a privilege log for any documents responsive to Request Numbers 3 and 7 that it contends fall under the attorney-client privilege, common interest doctrine, or work-product doctrine.

## IV. CONCLUSION

Accordingly, Arlington Capital's Motion to Compel (Docket # 148) is GRANTED. On or before December 4, 2008, the Trustee is to produce the requested documents as well as a

privilege log for any documents it withholds as privileged.[2]

SO ORDERED.

Enter for November 13, 2008.

                                          S/Roger B. Cosbey
                                          Roger B. Cosbey,
                                          United States Magistrate Judge

---

[2] For each document listed on the privilege log, the Trustee should: (1) identify the document's date; (2) name the author of the document and all its recipients, together with their capacities; (3) describe the document's subject matter; (4) state the purpose for the document's production; and (5) provide a specific explanation of why the document is privileged. *Laun v. Laun*, No. 1:06-CV-246, 2007 WL 178607, at *3 (N.D. Ind. Jan. 19, 2007) (citing *Muro v. Target Corp.*, No. 94 C 6267, 2006 WL 3422181, at *1, *6 (N.D.Ill. Nov. 28, 2006)). In addition, where appropriate, the Trustee should explain why the privilege attaches to an entire document, and not just to a portion. *Id*. If the privilege attaches only to a portion of a document, the Trustee should produce the document with the privileged portion redacted. *Id*.