# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| R. DAVID BOYER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-129-TS |
| | ) | |
| CHRISTOPHER GILDEA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Leave to File Second

Amended Complaint [DE 168], filed on October 16, 2008. Defendant Arlington Capital, LLC,

filed an Objection [DE 173] on October 31, and Defendants Christopher Gildea, Katherine

Gildea, Michael Motter, Matt Mercer, GT Acquisition, LLC, GT Enterprises, LLC, and Gasson,

LLC, (collectively the Gildea Defendants) filed Objections [DE 174] on November 3. On

November 12, the Plaintiff filed a Reply [DE 175]. For the following reasons, the Court will

grant the Plaintiff's Motion.


## BACKGROUND

The Court has previously outlined the history of this case in its October 5, 2006, Opinion

[DE 112], its August 24, 2007, Opinion [DE 124], and its November 5, 2007, Order and Opinion

[DE 137]. In the interest of brevity, the Court will not repeat the history of this case, but will

incorporate these earlier background summaries for purposes of this Opinion and Order.

In his Motion, the Plaintiff asks the Court for leave to file a Second Amended Complaint

to separately plead the Trustee's claim for an award of attorney's fees and to present new and

revised factual allegations that were not known prior to discovery. As to the separate attorney's

fees claim, the Plaintiff indicates that he recently discovered that the Federal Rules of Bankruptcy Procedure (unlike the Federal Rules of Civil Procedure) require that a request for an award of attorney's fees be pleaded as a separate claim. The Plaintiff argues that the Defendants would not be prejudiced if the Court were to permit the filing of a Second Amended Complaint that includes the separate attorney's fees claim because the relief sought in both the Complaint and the Amended Complaint included costs and fees and thus put the Defendants on notice that the Plaintiff was seeking an award of attorney's fees.

In its Objection, Defendant Arlington Capital argues that the Plaintiff did not separately plead a claim for attorney's fees in his Complaint or his Amended Complaint, that the deadline for amending pleadings passed three years ago, that the Plaintiff has not shown good cause, that Plaintiff's counsel are experienced practitioners in bankruptcy litigation and should have (with due diligence) known or earlier discovered the pleading requirements of the Federal Rules of Bankruptcy Procedure, and that the Defendants will be prejudiced if the Second Amended Complaint is filed this late in the litigation. In their Objection, the Gildea Defendants incorporate the arguments made by Arlington Capital and argue additionally that the Plaintiff seeks to make new allegations in Count II and to amend allegations in counts as to which the Court has already made rulings, that the Plaintiff's proposed amendments directly impact the Court's previous rulings and are untimely, that the Plaintiff seeks to make new allegations regarding Defendant Mike Motter, and that the Plaintiff's attempt to amend the pleadings is well beyond the deadlines approved by the parties and the Court in June of 2005.

In his Reply, the Plaintiff argues that the new factual allegations presented in the proposed Second Amended Complaint were revealed through discovery, that the Defendants do

not dispute any specific revision, that the factual allegations in the proposed Second Amended Complaint are relevant to the remaining counts, not counts that the Court has dismissed, that good cause exists for a separate count for attorney's fees, and that prejudice to the Defendants will not result from the filing of a Second Amended Complaint.

## AMENDMENT STANDARD

Federal Rules of Bankruptcy Procedure 7015 and 7016 state that Federal Rules of Civil Procedure 15 and 16 apply in adversary proceedings. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This "good cause" standard primarily considers the diligence of the party seeking amendment to the pleadings. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be freely given "when justice so requires." Rule 15(a)(2) reflects a liberal attitude toward the amendment of pleadings so that cases are decided on their merits and not on the basis of technicalities. *See Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002); *Sparkman v. McFarlin*, 601 F.2d 261, 281 (7th Cir. 1979). Thus, "[c]ourts are to use their discretion under Rule 15(a)[(2)] to liberally grant permission to amend pleadings." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007). The Seventh Circuit has instructed that "[r]easons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Airborne Beepers & Videos, Inc. v. AT&T*

*Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

In requesting leave to file a Second Amended Complaint, the Plaintiff seeks to amend his Complaint by adding a separate claim for attorney's fees and including new and revised factual allegations. The Court will address these separately.

**A.      Attorney's Fees**

In Count V of the original Complaint filed on April 7, 2004, the Plaintiff alleged that he is "entitled to punitive damages, costs, and fees for willful disregard of § 363(n)" against Defendants in this action. (Compl. ¶ 131, DE 12, Bankr. DE 1.) In their Answer, Affirmative Defenses, and Third Party Complaint, filed on May 7, 2004, the Gildea Defendants denied the allegations set forth in Paragraph 131 of the Plaintiff's Complaint. (Gildea Defs.' Answer ¶ 131, DE 12, Bankr. DE 8.) The Gildea Defendants also made three general prayers for relief that included "all of Defendants' fees and costs in defending said action," "all costs and attorney's fees of Defendants in defense of this action," and "all costs and attorney's fees of Defendants in defenses of this action." (Gildea Defs.' Answer 15, 29 & 32, DE 12, Bankr. DE 8.)

In Count V of the Amended Complaint filed on October 18, 2004, the Plaintiff alleged that he is "entitled to such compensatory damages, together with costs, fees, and punitive damages for willful disregard of § 363(n)" against Defendants in this action. (Am. Compl. ¶ 155, DE 12, Bankr. DE 45.) In their Answer and Affirmative Defenses to Trustee's Amended Complaint and Demand for Jury Trial, filed on February 18, 2005, the Gildea Defendants denied

the allegations set forth in Paragraph 155 of the Plaintiff's Amended Complaint. (Gildea Defs.'
Answer ¶ 155, Bankr. DE 81.) The Gildea Defendants also made two general prayers for relief
that included "all of Defendants' fees and costs in defending said action" and "all costs and
attorney's fees of Defendants in defense of this action" and alleged that they are "entitled to their
attorney's fees in defense of the Trustee's Adversary Proceeding against [them]." (Gildea Defs.'
Answer 17 & 33, Gildea Defs.' Aff. Def. ¶ 66, Bankr. DE 81.) In its Amended Answer, filed on
May 23, 2005, Arlington Capital denied the material allegations set forth in Paragraph 155 of the
Plaintiff's Amended Complaint. (Arlington Capital's Am. Answer 49-50, DE 19.) Arlington
Capital also made two general prayers for relief that the Court award it "its costs of defending
this matter, including attorney's fees if the Court deems that they are appropriate." (Arlington
Capital's Am. Answer 56, DE 19.)

On May 25, 2005, at their Rule 26(f) planning meeting, the parties agreed to an October
3, 2005, deadline for the Plaintiff to amend his pleadings, a February 15, 2006, deadline for
discovery, and a March 15, 2006, deadline for dispositive motions. (*See* Report of Parties'
Planning Meeting, DE 30.) Perhaps an indication of how reality often fails to conform to best
laid plans, the parties indicated in the Report that this case would be ready for jury trial in June
of 2006. On June 1, 2005, the Court approved the parties' Report, making it an order of the
Court. In an Opinion and Order [DE 33] dated June 2, 2005, Judge Cosbey noted the potential
complexity of this case and Plaintiff's counsel's indication that many of the necessary facts
related to the scheme alleged in the Amended Complaint awaited discovery.

On October 19, 2007, the parties (with the Court's approval) agreed to a July 31, 2008,
deadline for the completion of discovery. (*See* Report of Parties' Discovery Planning Meeting,

DE 137.) The parties apparently did not begin discovery in earnest until some time in 2008. The discovery deadline was extended to August 29, 2008, and then to forty days following the Court's ruling on the motion to compel. On November 13, 2008, Judge Cosbey entered an Opinion and Order [DE 176] on Arlington Capital's Motion to Compel [DE 148]. As a consequence, discovery among the parties remains ongoing, and the discovery deadline has not passed.

The Defendants argue that the Plaintiff lacks good cause for his request to amend his Complaint to add a separate claim for attorney's fees. The Plaintiff urges that he thought Federal Rule of Civil Procedure 54(d)(2)(A) (stating that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damage") applied to this case but that he recently discovered that Federal Rule of Bankruptcy Procedure 7054 only incorporates paragraphs (a) through (c) of Rule 54. Instead, Federal Rule of Bankruptcy Procedure 7008(b) adds to the general rules of pleading under Federal Rule of Civil Procedure 8 the requirement that "[a] request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." The Court finds that there is good cause to modify the schedule and permit the Plaintiff to amend his Complaint to meet the technical requirement that uniquely applies under the Federal Rules of Bankruptcy Procedure to separately plead an award of attorney's fees, especially considering that the Plaintiff specifically requested (albeit not in a separate count) attorney's fees in both his Complaint and his Amended Complaint.

In opposing the Plaintiff's Motion for Leave, the Defendants do not argue that the Plaintiff is acting in bad faith or pursuant to dilatory motive or that the Plaintiff has repeatedly

failed to cure deficiencies by amendments previously allowed. Although the parties cite different authorities regarding what a plaintiff must do to successfully plead an award of attorney's fees, there seems to be little dispute that Bankruptcy Rule 7008(b) requires the Plaintiff to separately plead his request for attorney's fees, and thus futility seems not to be a factor. Instead, the Defendants, citing the deadline to amend pleadings and the amount of time that has passed, argue that it is too late in this litigation for the Plaintiff to amend his Complaint to correct his failure to separately plead attorney's fees. Accordingly, the focus of the Defendants' opposition to the Plaintiff's request is upon undue delay and prejudice.

As for undue delay, all of the parties in this action share responsibility for the delays that have occurred in this case and the length of time this litigation has been pending. The parties have maintained a very active motion practice in this case, and there have been multiple rounds of dispositive motions. Additionally, Arlington Capital has sought the Seventh Circuit's review of one of this Court's interlocutory orders. Clearly, this case has proceeded at a pace much slower than imagined by the parties on May 25, 2005, when they conducted their Rule 26(f) planning meeting and agreed to the October 3, 2005, deadline for the Plaintiff to amend his pleadings and the February 15, 2006, deadline for discovery. As noted above, discovery began late and remains ongoing, even as the three-year anniversary of the original discovery deadline approaches. When one considers that the discovery deadline has already been extended several times, it is not unreasonable that the deadline to amend the pleadings should also be extended. For these reasons, and considering the life-span and complexity of this litigation, the delay is not undue.

As for undue prejudice, the Plaintiff in Count V of the original Complaint alleged that he

is "entitled to punitive damages, costs, and fees for willful disregard of § 363(n)." (Compl. ¶ 131, DE 12, Bankr. DE 1.) In Count V of the Amended Complaint, the Plaintiff alleged that he is "entitled to such compensatory damages, together with costs, fees, and punitive damages for willful disregard of § 363(n)." (Am. Compl. ¶ 155, DE 12, Bankr. DE 45.) The relevant federal statute (11 U.S.C. § 363(n)) specifically authorizes, among other things, a trustee to "recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount" and a court to "grant judgment for punitive damages" when a party entered into an agreement in willful disregard of Section 363(n). When one considers these allegations by the Plaintiff and the applicable federal statute, along with the Defendants' requests for attorney's fees in their responsive pleadings, it becomes apparent that the parties in this case have made attorney's fees part of their claims against each other since the inception of this action.

Furthermore, the parties have apparently sought and exchanged information relevant to attorney's fees in discovery. The Plaintiff represents to the Court that his initial disclosures served on May 25, 2005, indicated that he was seeking reasonable attorney's fees as part of his claim under Section 363(n). (Pl.'s Mot. for Leave ¶ 13.) The Plaintiff also states that the Defendants have sought and received discovery from the Plaintiff concerning the amount of attorney's fees incurred. (Pl.'s Mot. for Leave ¶¶ 17–18.) The Defendants do not appear to dispute these assertions. The Court also notes that discovery continues in this case, and the parties have apparently given some consideration to addressing the attorney's fees issue after the trial. For these reasons, the Court concludes that undue prejudice will not result to the Defendants by virtue of the Court allowing the Plaintiff to amend the Complaint to add a separate claim regarding attorney's fees.

For the foregoing reasons, the Court finds that the Plaintiff should be permitted to amend his Complaint to add a separate claim related to his request for attorney's fees on his Section 363(n) claim.

## B.     New and Revised Factual Allegations

Considering the complexity of this case, the motion practice of the parties, and the delays in the discovery process, the Court finds that there is good cause to modify the schedule and permit the Plaintiff to amend his Complaint to include the new and revised factual allegations that are contained in the proposed Second Amended Complaint. These new and revised factual allegations appear to result from discovery that has occurred during the last year. In his June 2, 2005, Opinion and Order, Judge Cosbey noted the potential complexity of this case and that Plaintiff's counsel had indicated that many of the necessary facts related to the scheme alleged in the Amended Complaint awaited discovery. Thus, it would have been fair for the parties to anticipate that the Plaintiff would eventually seek to amend his Complaint to include new and revised factual allegations.

None of the Defendants argues that the Plaintiff is acting in bad faith or pursuant to dilatory motive, that the Plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed, or that the amendment proposed is futile. Instead, the Gildea Defendants argue that the Plaintiff's proposed new and revised factual allegations impact this Court's previous rulings and are untimely, which the Court construes as undue prejudice and undue delay objections to the Plaintiff's request to amend his Complaint.

As to undue prejudice, the argument of the Gildea Defendants regarding the impact of the

proposed factual allegations on the Court's previous rulings is lacking in specificity. The Gildea Defendants do not identify or provide citation to any specific finding or conclusion of this Court that is directly impacted by a particular proposed factual allegation. The Plaintiff's new and revised factual allegations do not add new parties or claims (with the exception of shifting the Plaintiff's claim for attorney's fees into a separate count), or present entirely new legal theories. Instead, the new and revised factual allegations appear to be part and parcel to the claims the parties have been litigating for several years and as to which they have been seeking discovery. For these reasons, the Court finds that the Defendants will not be unduly prejudiced by the Court permitting the Plaintiff to file a Second Amended Complaint.

As to undue delay, the Court has already indicated some of the factors that have contributed to delays in this case, and will not repeat them now. Considering that discovery has proceeded in earnest only since around the beginning of 2008, the Court finds that permitting the Plaintiff to file a Second Amended Complaint will not unduly delay this matter. Additionally, the parties have already conducted discovery as to many of these allegations, and discovery remains ongoing.

**CONCLUSION**

For the foregoing reasons, the Court now GRANTS the Plaintiff's Motion for Leave to File Second Amended Complaint [DE 168] and ORDERS the Clerk of this Court to file the Plaintiff's Second Amended Complaint (attached to the Motion as Exhibit B) as of the date of this Opinion and Order. The Court also ORDERS the Defendants to plead or otherwise respond on or before December 28, 2008.

SO ORDERED on December 8, 2008.

 s/ Theresa L. Springmann           
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT