UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| R. DAVID BOYER, as the Trustee ) | |
| of the Bankruptcy Estate of ) | |
| GT Automation Group, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-129-TLS |
| ) | |
| ARLINGTON CAPITAL LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are the Defendant's Motion for Taxation of Costs [ECF No. 333] and the Bill of Costs [ECF No. 334], both filed on January 30, 2013. The Plaintiff filed an Objection [ECF No. 335] and the Defendant filed a Reply [ECF No. 336]. The Plaintiff asks the Court to deny most of the $4,867.20 in fees for printed or electronically recorded transcripts submitted by the Defendant in its Bill of Costs.

## BACKGROUND

In this lawsuit, the Plaintiff sought recovery under 11 U.S.C. § 363(n), claiming that the Defendant entered into an agreement among potential bidders at a bankruptcy auction to control the sale price of the assets of the Debtor, GT Automation Group, Inc. The case proceeded to a seven-day jury trial from January 10–22, 2013, concerning the Plaintiff's claim. After deliberations, the jury returned a verdict in favor of the Defendant on the claim. (*See* Verdict Form, ECF No. 332.)

In the Bill of Costs, the Defendant requests the Clerk to tax as costs $4,867.20 in fees for

printed or electronically recorded transcripts. In his Objection, the Plaintiff argues that: 1) the Defendant has not met its burden to show that the fees requested were necessarily obtained for use at trial; 2) transcript copies obtained for the convenience of counsel are not reasonable and necessary; 3) transcripts not received in evidence at trial are not reasonable and necessary; 4) transcripts for witnesses who did not testify at trial, and whose depositions were not used at trial, are not reasonable and necessary; and 5) fees for compact discs of exhibits or for electronic copies of deposition transcripts are not reasonable and necessary. The Court will address each of the Plaintiff's objections. Because the Court finds that all of these expenses are allowable, reasonable, and necessary, it will overrule the Plaintiff's objections.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party." The Seventh Circuit has stated that Rule 54(d) "creat[es] a strong presumption that the prevailing party will recover costs." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). The burden is on the losing party to overcome that presumption. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982). A district court's discretion in finding that this presumption has been overcome is "narrowly confined." *Congregation of the Passion v. Touche*, 854 F.2d 219, 222 (7th Cir. 1988). Specifically, the Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father*, 338

F.3d at 708. A district court may only deny costs to a prevailing party if it "states good reasons for denying them." *Congregation of the Passion*, 854 F.2d at 222.

"[I]n assessing a bill of costs, [a] district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). *See Bitler Inv. Venture II, LLC v. Marathon Petroleum Co.*, No. 1:04-CV-477-TLS, 2013 WL 359014, at *2 (N.D. Ind. Jan. 29, 2013) (discussing objections to a bill of costs); *Barton v. Zimmer, Inc.*, No. 1:05-CV-208-TS, 2010 WL 3168403, at *1 (N. D. Ind. Aug. 10, 2010) (discussing an award of costs under Rule 54(d))*; Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998) ("[I]n order to award costs to the prevailing party, the court must determine that the expenses are allowable and reasonable, both in amount and necessity to the litigation."); *see also Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000) (discussing reasonableness of a cost to be taxed against a losing party). A deposition transcript need not be entered into evidence at trial for its cost to be recoverable under Rule 54(d). *Mother & Father*, 338 F.3d at 712; *Soler*, 989 F.2d at 255. Rather, "[t]he determination of necessity under 28 U.S.C. § 1920 . . . must be made in light of the facts known at the time of the deposition." *Mother & Father*, 338 F.3d at 712; *M.T. Bonk Co.*, 945 F.2d at 1410.

According to 28 U.S.C. § 1920, which defines the term "costs" as it is used in Rule 54(d), "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable. Further, "[t]he expense of deposition copies reasonably necessary for use in the case may be included in the award of costs." *SCA Servs., Inc. v. Lucky Stores*, 599 F.2d 178, 181 (7th Cir. 1979).

## DISCUSSION

The Plaintiff argues, first, that the Defendant failed to meet its burden to show that the costs identified were "necessarily obtained for use in the case." The Court disagrees with the Plaintiff's formulation. As noted above, Rule 54(d) creates a "strong presumption that the prevailing party will recover costs," *Mother & Father*, 338 F.3d at 708, and the burden is on the losing party to overcome that presumption, *M.T. Bonk Co.*, 945 F.2d at 1409. Certainly, the Court must "determine whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler*, 989 F.2d at 255. But the strong presumption is that the Defendant, as the prevailing party, is entitled to recover its costs.

The Plaintiff argues, second, that copies of transcripts obtained for the convenience of counsel are not reasonable and necessary. In support, the Plaintiff cites *Ochana v. Flores*, 206 F. Supp. 2d 941 (N.D. Ill. 2002), in which the district court found that costs for diskettes containing deposition transcripts were not taxable because they were "merely for the attorney's convenience and not necessary to litigating the case." *Id.* at 945. The Defendant responds that the cost of deposition transcript copies is taxable because the copies were reasonably necessary for use in this case.

The Court must determine whether copies of deposition transcripts were allowable, and whether they are reasonable and necessary. The Court finds that the copies of deposition transcripts are allowable under 28 U.S.C. § 1920(2). *See SCA Servs.*, 599 F.3d at 181 (finding the cost of deposition copies allowable under 28 U.S.C. § 1920 and Rule 54(d)). Further, the Court finds that copies of deposition transcripts were reasonable and necessary in this case. The burden is on the Plaintiff as the losing party to overcome the strong presumption that these costs

are recoverable. The Seventh Circuit has discussed the need for attorneys to have copies of deposition transcripts in order to adequately prepare for trial. *See id.* The Plaintiff has not met his burden to show why the Defendant's costs were not necessary or reasonable in this case. Accordingly, the Court finds that the costs for copies of deposition transcripts in the Bill of Costs are recoverable under Rule 54(d).

The Plaintiff argues, third, that costs for transcripts not received in evidence at trial are not reasonable and necessary because they were not received in evidence. The Plaintiff cites no support for this proposition. As discussed above, a deposition transcript need not be entered into evidence at trial for its cost to be recoverable under Rule 54(d). *Mother & Father*, 338 F.3d at 712; *Soler*, 989 F.2d at 255. Accordingly, because the Plaintiff is simply mistaken in his assertion that transcripts must be introduced into evidence before their costs are taxable, the Court will decline to deny costs to the Defendant on this basis.

The Plaintiff argues, fourth, that transcripts for witnesses who did not testify at trial, and whose depositions were not used at trial, are not reasonable and necessary. Specifically, the Plaintiff argues that his own deposition was not reasonable or necessary because he had no personal knowledge of the case, and because he did not testify at trial and his deposition was not introduced. The Plaintiff also argues that the depositions of Neran Shaya and Michael Story were not reasonable or necessary because they did not testify at trial and because their depositions were not used at trial. The Defendant responds that all three depositions were reasonably necessary when taken.

The Court finds that the Plaintiff has again failed to overcome the strong presumption that the Defendant should recover these costs under 28 U.S.C. § 1920. The Defendant points out

that the Plaintiff cited portions of his own deposition and Shaya's deposition in the summary judgment briefings. Further, the Plaintiff listed both himself and Shaya as witnesses in the Pre-Trial Order. Finally, while Story did not testify at trial, the Defendant listed him as a witness in the Pre-Trial Order. The Plaintiff has not shown why depositions for Shaya, for Story, or for himself, were not reasonable and necessary at the time they were taken. As discussed above, "[t]he determination of necessity under 28 U.S.C. § 1920 . . . must be made in light of the facts known at the time of the deposition." *Mother & Father*, 338 F.3d at 712; *M.T. Bonk Co.*, 945 F.2d at 1410. The Defendant has shown that two of these depositions were cited in the summary judgment briefing and that all of the witnesses in question were listed as trial witnesses. The Plaintiff has failed to show why these deposition costs would not be recoverable. Accordingly, the Court will award the costs related to witnesses who did not testify at trial, and whose depositions were not used at trial.

Finally, the Plaintiff argues that costs for compact discs containing copies of deposition exhibits, and costs for electronic copies of depositions, are not recoverable under Rule 54(d). The Defendant does not respond to this argument. The Bill of Costs lists a total of $20 for compact discs with scanned exhibits; $74.75 for exhibits generally; and $828 for E-Transcript copies.[1] The Plaintiff has not developed his argument that the compact disc and exhibit charges are not recoverable. It appears that, although they are listed as separate line items, they represent exhibits integral to the depositions as a whole. Because it appears the compact disc and exhibit costs are necessary and reasonable in relation to the depositions to which they relate, and

---

[1] The Bill of Costs also includes an entry for "Original & E-Transcript" but no line item accounting breaks down how much was for the original transcript and how much was for the E-Transcript.

because the Plaintiff has not overcome the strong presumption that costs are recoverable, the Court finds that these costs should be taxed under Rule 54(d). As to the Plaintiff's objection to the E-Transcript costs, the Plaintiff has not shown that these electronic transcripts are any different in substance from the paper copies of deposition transcripts discussed above. As the Court has already articulated, copies of depositions are often necessary to lawyers in preparation for trial, *see SCA Servs.*, 599 F.2d at 181, and because the Plaintiff has not overcome the strong presumption that costs are recoverable to the Defendant as the prevailing party, the Court will allow recovery of costs for E-Transcripts.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion for Taxation of Costs [ECF No. 333] and OVERRULES the Plaintiff's Objection [ECF No. 335]. The Court DIRECTS the Clerk to tax the amount of $4,867.20, as requested in the Bill of Costs [ECF No. 334].

So ORDERED on February 21, 2013.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT